*Appeal No. 2023-2181*

# United States Court of Appeals for the Federal Circuit

In re:  PERSONALWEB TECHNOLOGIES LLC,
BRILLIANT DIGITAL ENTERTAINMENT, INC., EUROPLAY CAPITAL
ADVISORS, LLC, CLARIA INNOVATIONS, LLC, MONTO HOLDINGS PTY
LTD.,
*Movants-Appellants*

AMAZON.COM, INC., AMAZON WEB SERVICES, INC.,
*Plaintiffs-Appellees*

v.

PERSONALWEB TECHNOLOGIES, LLC, LEVEL 3 COMMUNICATIONS,
LLC,
*Defendants*

PERSONALWEB TECHNOLOGIES, LLC, LEVEL 3 COMMUNICATIONS,
LLC,
*Plaintiffs*

v.

TWITCH INTERACTIVE, INC.,
*Defendant-Appellee*

**Appeals from the United States District Court
for the Northern District of California
United States District Judge Beth Labson Freeman
in Nos. 5:18-cv-00767-BLF; 5:18-cv-05619-BLF; and 5:18-md-02834-BLF**

**APPELLEES' MOTION TO EXPEDITE
BRIEFING SCHEDULE AND ORAL ARGUMENT**

J. DAVID HADDEN
dhadden@fenwick.com
SAINA S. SHAMILOV
sshamilov@fenwick.com
FENWICK & WEST LLP
SILICON VALLEY CENTER
801 CALIFORNIA STREET
MOUNTAIN VIEW, CA  94041
TELEPHONE:  (650) 988-8500

TODD R. GREGORIAN
tgregorian@fenwick.com
CHRISTOPHER S. LAVIN
clavin@fenwick.com
FENWICK & WEST LLP
555 CALIFORNIA STREET
12TH FLOOR
SAN FRANCISCO, CA 94104
TELEPHONE:  (415) 875-2300

August 3, 2023

*Counsel for Plaintiff-Appellees
Amazon.com, Inc. and Amazon
Web Services, Inc. and
Defendant-Appellee Twitch
Interactive, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number**   2023-2181

**Short Case Caption**   In re: PersonalWeb Technologies LLC

**Filing Party/Entity**   Amazon.com, Inc., Amazon Web Services, Inc. and Twitch Interactive, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/03/2023

Signature: /s/ Todd R. Gregorian

Name: Todd R. Gregorian

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| Amazon.com, Inc. | | N/A |
| Amazon Web Services, Inc. | | Amazon.com, Inc. |
| Twitch Interactive, Inc. | | Amazon.com, Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| Fenwick & West LLP | Melanie Mayer | |
| Shannon E. Turner | Allen W. Wang | |
| Thomas J. Fox | Chieh Tung | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)   ☐  No   ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Plaintiffs-Appellees Amazon.com, Inc. and Amazon Web Services, Inc. and Defendant-Appellee Twitch Interactive, Inc. (collectively, "Amazon") respectfully move under Federal Circuit Rule 27(c) to expedite the briefing schedule for the appeal.    Amazon also requests that, should the Court deem oral argument appropriate, the matter be set for a convenient session of the Court soon after the briefing is closed.  Amazon does not request any special setting.

This appeal is part of a years' long effort by PersonalWeb's principals to frustrate the district court's attorney fee judgment and escape the consequences for their abuse of the federal court system.[1]

The appellants are four investment and tax avoidance vehicles owned by PersonalWeb's principals.  After the district court found the case exceptional and awarded Amazon nearly $5.5 million under 35 U.S.C. §285, these individuals caused PersonalWeb to consent to a California state court receivership for the benefit of the appellants, whom they also control.    The receivership included a preliminary

---

[1] This is the fourth appeal from the same district court proceeding.  The first two appeals were resolved in favor of Amazon. *See In re PersonalWeb Techs. LLC*, No. 19-1918, 961 F.3d 1365 (Fed. Cir. 2020) (holding claim preclusion and the *Kessler* doctrine barred PersonalWeb's infringement claims), *cert. denied*, 142 S. Ct. 2707 (2022); *In re PersonalWeb Techs. LLC,* Nos. 20-1566, -1568, -1569, 2021 WL 3557196 (Fed. Cir. Aug. 12, 2021) (affirming summary judgment order of non-infringement).  The third appeal remains pending before this Court and concerns the exceptional case finding and fee award in favor of Amazon. *See In re PersonalWeb Techs. LLC*, No. 21-1858.

1

injunction preventing any creditors, such as Amazon, from enforcing claims against PersonalWeb. And the receivership was procured by presenting the appellants as arms-length investors in PersonalWeb, concealing from the California state court their common ownership. The court presiding over the receivership proceedings recently sanctioned the appellants for filing frivolous motions under the California anti-SLAPP statute for the purpose of causing unreasonable delays. (Dkt. 893-1 at 24-25, No. 18-md-02834 (N.D. Cal.).[2]) The appellants have also filed a declaratory judgment claim in California state court, asking the court to declare that they are not alter egos of PersonalWeb and thus not liable for the district court's judgment.

Amazon asked the district court to supplement the attorney fee award to include work performed over the last two years. The appellants sought to intervene in the district court proceedings to oppose the supplemental fee motion, on the basis that they could be held liable for it if the state court eventually rules that they are alter egos of PersonalWeb. The district court denied intervention. The district court noted that the appellants presented their motion improperly, in violation of the Local Rules and its Standing Order. It also found that appellants have an "identical" interest to PersonalWeb and that PersonalWeb can adequately represent this interest,

---

[2] The district court has also found that PersonalWeb is "thwarting Amazon's legitimate interest in collecting its judgment," and engaging in "chameleon-like efforts … to make itself judgment proof" and "thwart collection of the judgment." (*See* Dkt. 694 at 3-4, No. 18-md-02834 (N.D. Cal.).)

unassailable findings given not just the complete alignment between PersonalWeb's and the appellants' legal positions, but the fact that the *same individuals* continue to control all these entities despite the receivership. Moreover, PersonalWeb has also now filed a suitable opposition brief to the supplemental fee motion, both mooting and revealing to be false appellants' contention that the receivership had no money left to prepare an opposition brief.

This appeal seeks to reverse the denial of intervention. Even though the district court will hear Amazon's supplemental fee motion on October 5, 2023, the appellants have refused to expedite this appeal while at the same time holding out the possibility that, if this Court reverses, they may seek vacatur of a supplemental fee award or assert some other collateral attack on it because of their earlier inability to participate. In other words, appellants seek to prejudice Amazon using the delays inherent in a standard appeal schedule. Counsel for Amazon has raised with counsel for appellants the relief requested in this motion, and appellants have declined to stipulate to the requested relief and indicated that they intend to oppose the motion. The Court should therefore expedite the proceedings.

Moreover, expediting the proceedings is warranted because the relevant district court record is small, and the single issue raised on appeal—whether intervention was improperly denied—is straightforward and not susceptible to pages upon pages of briefing. The district court record comprises two briefs spanning a

combined nine pages. The district court's order denying intervention is six pages long. Amazon does not expect that the parties will use anywhere near the full amount of words allotted for merits briefs. Because the underlying record is small and there is only a single, narrow issue raised on appeal, the Court should order the following expedited schedule:

| Proposed Briefing Schedule on Motion to Expedite (Per Fed. Cir. R. 27(c)(2)) | | |
|---|---|---|
| **Appeal Milestone** | **Current Deadline** | **Proposed Deadline** |
| Appellants' Response Brief | - | August 7, 2023 |
| Appellees' Reply Brief | - | August 9, 2023 |
| **Proposed Expedited Merits Briefing Schedule (Per Fed. Cir. R. 27(c)(3))** | | |
| **Appeal Milestone** | **Current Deadline** | **Proposed Deadline** |
| Appellants' Opening Brief | Sept. 25, 2023 | August 22, 2023 |
| Appellees' Response Brief | - | September 19, 2023 |
| Appellants' Reply Brief | - | September 26, 2023 |

Dated:  August 3, 2023          FENWICK & WEST LLP


                              By:  */s/ Todd R. Gregorian*
                                   Todd R. Gregorian

                                   *Counsel for Plaintiffs-Appellees*
                                   *Amazon.com, Inc. and Amazon Web*
                                   *Services, Inc., and Defendant-Appellee*
                                   *Twitch Interactive, Inc.*

**CERTIFICATE OF COMPLIANCE**

1.      This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A).  This brief contains 884 words, excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).  This brief uses a proportionally spaced typeface using Microsoft Word and 14-point Times New Roman font.

Dated:  August 3, 2023                    FENWICK & WEST LLP


                                   By:   */s/ Todd R. Gregorian*
                                          Todd R. Gregorian

                                          *Counsel for Plaintiffs-Appellees*
                                          *Amazon.com, Inc. and Amazon Web*
                                          *Services, Inc., and Defendant-Appellee*
                                          *Twitch Interactive, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a complete copy of APPELLEES'

MOTION TO EXPEDITE BRIEFING SCHEDULE AND ORAL ARGUMENT

was served on the attorneys of record via electronic mail or CM/ECF delivery on

August 3, 2023.

By: */s/ Todd R. Gregorian*
Todd R. Gregorian

*Counsel for Plaintiffs-Appellees*
*Amazon.com, Inc. and Amazon Web*
*Services, Inc., and Defendant-*
*Appellee Twitch Interactive, Inc.*