No. 2023-2181

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

IN RE: PERSONALWEB TECHNOLOGIES LLC,
BRILLIANT DIGITAL ENTERTAINMENT, INC., EUROPLAY CAPITAL
ADVISORS, LLC, CLARIA INNOVATIONS, LLC, MONTO HOLDINGS PTY
LTD.,
*Movants-Appellants*

---

AMAZON.COM, INC., AMAZON WEB SERVICES, INC.,
*Plaintiffs-Appellees*

v.

PERSONALWEB TECHNOLOGIES LLC, LEVEL 3 COMMUNICATIONS,
LLC,
*Defendants*

---

PERSONALWEB TECHNOLOGIES LLC, LEVEL 3 COMMUNICATIONS,
LLC,
*Plaintiffs*

v.

TWITCH INTERACTIVE, INC.,
*Defendant-Appellee*

---

On Appeal from the United States District Court
for the Northern District of California
5:18-md-02834-BLF, 5:18-cv-00767-BLF, 5:18-cv-05619-BLF
Hon. Beth Labson Freeman

---

## APPELLANTS' OPPOSITION TO MOTION TO EXPEDITE BRIEFING SCHEDULE AND ORAL ARGUMENT

———————————————

KIRKLAND & ELLIS LLP

Mark Holscher
mholscher@kirkland.com
Michael Shipley
mshipley@kirkland.com
Edward Hillenbrand
edward.hillenbrand@kirkland.com
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Movants-Appellants*
*Europlay Capital Advisors, LLC,*
*Claria Innovations, LLC*

FRANDZEL ROBINS BLOOM & CSATO,
L.C.

Thomas M. Robins III*
trobins@frandzel.com
1000 Wilshire Boulevard, 19th Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000

*Attorneys for Movants-Appellants*
*Monto Holdings Pty Ltd, and*
*Brilliant Digital Entertainment, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 23-2181 |
| **Short Case Caption** | In re: PersonalWeb Technologies LLC |
| **Filing Party/Entity** | Europlay Capital Advisors, LLC; Claria Innovations, LLC. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/08/2023

Signature: /s/ Michael Shipley

Name: Michael Shipley

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Europlay Capital Advisors, LLC | | |
| Claria Innovations, LLC. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑     None/Not Applicable         ☐     Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)     ☐   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable         ☐     Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

Corrected **CERTIFICATE OF INTEREST**

| | |
|---|---|
| **Case Number** | 23-2181 |
| **Short Case Caption** | In re: PersonalWeb Technologies LLC |
| **Filing Party/Entity** | Brilliant Digital Entertainment, Inc. and Monto Holdings Pty, Ltd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/11/2023

Signature: /s/ Thomas M. Robins III

Name: Thomas M. Robins III

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☑ None/Not Applicable |
| Brilliant Digital Entertainment, Inc. | | |
| Monto Holdings Pty, Ltd. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

|  |  |  |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
| --- | --- | --- |
|  |  |  |
|  |  |  |

This is an appeal of the denial of a motion to intervene in a post-judgement dispute over attorneys' fees in a patent case. Appellees Amazon.Com, Inc.; Amazon Web Services, Inc.; and Twitch Interactive, Inc. (Amazon) have moved the Court for an extraordinarily accelerated briefing schedule. Amazon spends most of its brief making false and inflammatory factual claims, unsupported by any evidence, that have nothing to do with expedition. Regardless, Amazon's stated justification for expedition—the need to avoid a post-decision request for relief from a district court's anticiated order in the event of a reversal—doesn't make any sense. There's neither any emergency nor prejudice here. The motion should be denied.

## 1.

In the underlying action, Amazon obtained a $5.4 million attorneys' fee award under 35 U.S.C. § 285 (§ 285 Award) against plaintiff, PersonalWeb Technologies Inc. (Personal-Web). That order is currently on appeal to this Court. *In re PersonalWeb Techs. LLC*, No. 21-1858.

Appellants Brilliant Digital Entertainment, Inc.[1]; Europlay Capital Advisors, LLC; Claria Innovations, LLC; Monto Holdings Pty Ltd. (Appellants) are long term operating businesses, and investment vehicles that directly and/or indirectly hold debt and/or equity interests in PersonalWeb. *See generally* Shipley Decl. ¶¶ 1, 2.

PersonalWeb is insolvent. It is currently under the control of an equity receiver appointed by a California state court. Shipley Decl. ¶ 4. But that hasn't stopped Amazon—one of the most profitable companies in the world[2]—from spending years

---

[1] At the time Amazon's motion was filed, no counsel for appellants had made an appearance in this Court. Declaration of Michael Shipley (Shipley Decl.) ¶ 6. Counsel for Amazon (who also represent Amazon in the trial court) know that appellants Brilliant Digital Entertainment, Inc. (BDE) and Monto Holdings Pty Ltd. (Monto) are represented by lawyers from the Frandzel Robbins Bloom & Csato firm. The same counsel represent BDE and Monto in the district court. They are identified as representing BDE and Monto the notice of appeal and they were identified by the district court in its docketing form. *See* case no. 23-2181, dckt #1-2 at pp. 2, 150. Yet, Amazon never served these counsel with its motion papers. Shipley Decl. ¶ 6. That is a blatant violation of this Court's rules. Fed. Cir. R. 25(e)(2) ("Service of a filing on a party for which counsel has not yet entered an appearance must be made on counsel of record for the party in the proceeding below . . . .").

[2] Citing no evidence, Amazon refers to Appellants as "tax avoidance vehicles owned by PersonalWeb's principals." Mot. 1.; *cf.* Fed. Cir. R. 27(a)(4) (motion must be accompanied by

and millions of dollars on efforts to enforce its $5.4 million judgment from PersonalWeb. Amazon has now turned its litigation machinery on Appellants, and seeks to have them held liable for the § 285 Award, on the theory that Appellants are alter egos of PersonalWeb. There is a separately filed action pending in the same state court as the receivership wherein Amazon alleges that Appellants and other related parties are PersonalWeb's alter egos. As part of the pursuit in what appears to be a well-practiced strategy, Amazon has levied all kinds of baseless, false and incendiary allegations, in multiple jurisdictions to induce courts to ignore Amazon's deficient legal and factual position. It continues apace in this Court.

On May 23, 2023, Amazon filed a supplemental petition for costs and attorneys' fees (Supplemental Petition) with the district court. The Supplemental Petition asks to augment the § 285 Award against PersonalWeb by roughly $3 million in fees allegedly incurred by Amazon since the § 285 Award. But

---

"an affidavit or unsworn declaration under penalty of perjury under 28 U.S.C. § 1746, if the facts relied on in the motion are subject to dispute."). This claim is as irrelevant as it is untrue. But for *Amazon.com* to accuse others of tax avoidance sure takes some chutzpah.

most of the additional fees sought in the Supplemental Petition are not recoverable as a matter of law. Appellants have no legal or practical control over PersonalWeb or its equity receiver, [3] and have not since the receiver was appointed. Amazon intends to demand the additional costs and fees sought in the Supplemental Petition as relief against Appellants in the state court alter ego action.

On that basis, Appellants sought leave to intervene in the underlying action, for the limited purpose of being heard regarding the Supplemental Petition. Amazon opposed. It was successful in convincing the district court to refuse to accept argument from Appellants. The Supplemental Petition remains pending in the district court. It is set for a hearing on

---

[3] Without bothering to attach the district court's order or any other evidence, Amazon falsely insinuates that the district court found that "that the same individuals continue to control all these entities despite the receivership." Mot. 3; *cf.* Fed. Cir. R. 27(a)(4) (requiring affidavits or declarations "if the facts relied on in the motion are subject to dispute"). The Court will struggle in vain to find that anywhere in the district court's order other than where it is describing Amazon's baseless assertions. Shipley Decl. Ex. 1. Indeed, the truth is that the receiver is an independent officer of the state court, who does not act at the behest of Appellants and whose authority and independence Amazon has not questioned in the over two years the receivership has been pending. *Id.* ¶ 4.

`                                    4

October 5, 2023. Appellants—sensitive to the tenor of the district court's order denying intervention—have not and will not seek to stay that litigation. Appellants have explained that to Amazon.

**2.**

Intervention is a "procedural matter not unique to patent law," so Ninth Circuit law applies. *Haworth, Inc. v. Steelcase, Inc.*, 12 F.3d 1090, 1092 (Fed. Cir. 1993). An order denying intervention is a final order from which an appeal can be properly taken. *Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 69 F.4th 588, 592 (9th Cir. 2023). The entry of a final judgment in the underlying action does not necessarily moot an intervention appeal. "[I]f it were concluded on appeal that the district court had erred in denying the intervention motion, and that the applicant was indeed entitled to intervene in the litigation, then the applicant would have standing to appeal the district court's judgment." *Canatella v. California*, 404 F.3d 1106, 1109 n.1 (9th Cir. 2005) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1301 n. 1 (9th Cir. 1997)). If, as Appellants contend, the district court erroneously denied intervention, Appellants have standing under Ninth Circuit law to litigate any appeal from the district court's order on the Supplemental Petition. *Id.*

That is particularly important to Appellants if PersonalWeb and/or its receiver prove unable or unwilling to do so on their own. The need to preserve that interest—and not any effort to cause delay—motivates Appellants taking of this appeal.

**3.**

Nothing in this procedural posture merits litigating this appeal in the extraordinarily expedited manner sought by Amazon. Indeed, the passage of time as the district court proceeds, unstayed, in deciding the merits of the Supplemental Petition would seem to prejudice *Appellants*, not Amazon.

Amazon's argument otherwise doesn't make much sense. Amazon argues that Petitioners "may seek vacatur of a supplemental fee award or assert some other collateral attack on it because of their earlier inability to participate" and that Amazon will be "prejudiced" if they do. Mot. 3. Appellants are unsure whether or how that would work procedurally. But even if it did, Amazon offers no explanation why the district court permitting Appellants to be heard after, instead of before, it issues an order on a Supplemental Petition would be "prejudice" to Amazon.

As the Court's Practice Notes explain, expedition is "appropriate where the normal briefing and disposition schedule

may adversely affect one of the parties, as in appeals involving preliminary or permanent injunctions or government contract bid protests." Practice Notes to Fed. Cir. R. 27. The situation here is hardly analogous to any of those circumstances.

To the contrary, the harm Amazon identifies as prejudice is just that Appellants might seek some remedy with the district court after a reversal. But "[c]ontinued litigation . . . cannot be irreparable injury." *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d 1379, 1381 (Fed. Cir. 2020). It has long been established that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974). Amazon has no vested interest in the denial of Appellants' rights to due process. There thus is no reason to say that Amazon would suffer the kind of injury that merits expedition.

Moreover, the expedited schedule sought by Amazon is also unlikely to accomplish its stated goal of having this appeal completed in time so that, in the event of a reversal, the district court can hear from Appellants before it decides on

the Supplemental Petition.[4] Completion of the appeal before the October 6, 2023 hearing date will require the appeal to be fully briefed, argued and decided in under 60 days. Amazon's proposed schedule anticipates that Appellants' will file their reply brief (on a seven-day turn), on September 26, 2023. Amazon apparently believes that the case can and should be fully argued and decided over the next ten days.

Finally, Appellants note that much of the tightness of timing is a self-created emergency on the part of Amazon. The Supplemental Petition was filed on May 23, 2023, at which time the October 6, 2023 hearing was set. But Appellants sought Amazon's and PersonalWeb's leave to intervene several weeks before that. *See* Shipley Decl. Ex. 2. Amazon wasted nearly a month demanding that Appellants answer a series of irrelevant questions before it would consider consenting. *Id.* Amazon then demanded unrelated concessions as a condition of intervention, and proceeded to string Appellants along about whether they would consent for nearly two months. *Id.*

---

[4] Were Amazon so concerned that the district court hear Appellants arguments *before* ruling on the Supplemental Petition, it is somewhat curious why Amazon opposed limited intervention in the first place.

Had Amazon not wasted all that time, Appellants would have sought intervention two months earlier.[5] And had that occurred, there would be no need to expedite this appeal to a breakneck 60-day pace. Amazon should not be permitted to put the Court and Appellants under the gun based on a timing situation that was largely of its counsel's own creation. *See generally* Harry Pregerson, *The Seven Sins of Appellate Brief Writing and Other Transgressions*, 34 UCLA L. Rev. 431, 439 (1986) ("Under the court's internal rules, we will refuse to treat a matter as an emergency entitled to expedited treatment when it appears that counsel have created the emergency. Do yourself, your client, and the court a favor by avoiding self-created emergencies.").

Appellants do, however, agree with Amazon in one key respect. This is not a complicated appeal with a complex or voluminous record. But that, alone, is no grounds for expedition. Appellants represent to the Court that, absent exigencies

---

[5] *See also* Shipley Decl. Ex. 1 (noting that the intervention motion was timely because "the supplemental fees motion was filed on May 23, 2023, this motion was filed on June 27, 2023, and in the interim Movants were speaking with Amazon in an attempt to obtain consent to intervene").

currently unknown and unforeseen, briefing can be fully completed under the default schedule under Federal Rule of Appellate Procedure 31 and Federal Circuit Rule 31, without any extensions. Under those rules Amazon is free, of course, to file its respondents' brief early, which would have the effect of foreshortening the due date for Appellants' reply.

*    *    *

There is no emergency here or any other basis for expedition. The motion should be denied.

DATED:  August 11, 2023

KIRKLAND & ELLIS LLP

*/s/ Michael Shipley*
Michael Shipley

*Attorneys for Movants-Appellants Europlay Capital Advisors, LLC, Claria Innovations, LLC*

FRANDZEL ROBINS BLOOM & CSATO, L.C.

*/s/ Thomas M. Robins III*
Thomas M. Robins III
(e-signed with consent per Fed. Cir. R. 32(g)(2)(B))

*Attorneys for Movants-Appellants Monto Holdings Pty Ltd, and Brilliant Digital Entertainment, Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because:

1.    This brief contains 1,970 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirement of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2016 Century Schoolbook 14.


DATED:  August 11, 2023          Respectfully submitted,

                                 KIRKLAND & ELLIS LLP


                                 *s/ Michael Shipley*
                                    Michael Shipley

                                 *Attorneys for Movants-Appellants*
                                 *Europlay Capital Advisors, LLC, Clo*
                                 *vations, LLC*

`                                      11

## DECLARATION OF MICHAEL SHIPLEY

I, Michel Shipley, am a partner at the law firm of Kirkland & Ellis LLP, counsel of record to Europlay Capital Advisors, LLC (Europlay) and Claria Innovations, LLC (Claria), who are among the appellants in this appeal. I have personal knowledge of the facts stated in this declaration, and could and would testify competently to them if called as a witness.

1.     Europlay is an operating business, merchant bank and strategic and litigation advisory firm formed in 2002 that is neither owned or controlled by the principals of Personal-Web Technologies, LLC (PersonalWeb). Through intermediate subsidiaries, Europlay owns about 9.8 percent of PersonalWeb's equity. Europlay also holds secured notes to PersonalWeb for roughly $1 million in principal and accrued interest. Europlay is not a "tax avoidance vehicle."

2.     Claria is a largely defunct investment vehicle that is neither owned or controlled by principals of PersonalWeb. Claria's principal remaining asset is a secured note to PersonalWeb for about $600,000 in principal and secured interest. Claria does not own any equity interest in PersonalWeb, whether directly or indirectly.

3.     Attached hereto as Exhibit 1 is a true and correct copy of the trial court's July 7, 2023 Order Denying Secured Creditors' Administrative Motion for Limited Intervention.

4.     On May 10, 2021 a receiver was appointed by the Los Angeles Superior Court to take control of PersonalWeb. Under California law, the receiver is an independent officer of the court who does not act under the control of the parties. Appellants have no authority to direct the actions of the receiver. At no time since the appointment of the receiver has Amazon ever requested that the court remove or replace the receiver due to undue influence or lack of independence.

5.     Attached hereto as Exhibit 2 is a true and correct copy of an email thread between counsel for Amazon, counsel for PersonalWeb, and counsel for Petitioners. The email was submitted in connection with the motion and its cited on page 5 of the district court's order as "Shipley Decl. ¶ 2, Ex. 2."

6     At the time the motion was filed, no appellants' counsel had made an appearance in this Court. I received notice of the filing from the Court's ECF system, and was emailed a courtesy copy by counsel for Amazon. But I only represent Europlay and Claria—two of the four co-appellants. In the district court, co-appellants Monto Holdings Pty Ltd.

`                              13

(Monto), and Brilliant Digital Entertainment, Inc. (BDE) were represented by Thomas M. Robins, Michael G. Fletcher, and Bruce D. Poltrock of the firm Frandzel Robbins Bloom & Csato, L.C. These same attorneys continue to represent BDE and Monto in this appeal. None of them, however, were served with Amazon's papers in support of its motion to expedite, whether through the Court's ECF system, by email from Amazon's counsel, or by any other means. The first time counsel for BDE and Monto learned of this motion was on August 8, 2023, when, after I noticed that Mr. Robins was not included on the service email from counsel, I sent him a copy of the brief and confirmed that he had not previously received it.

I declare under penalty of perjury that the foregoing is true and correct. Signed at Pasadena, California on this 11th day of August, 2023.

                                        _/s/ Michael Shipley___
                                        Michael Shipley

## <u>INDEX OF EXHIBITS</u>

**Ex. 1:** July 7, 2023 Order Denying Secured Creditors' Administrative Motion for Limited Intervention.

**Ex. 2:** Email discussion between counsel.

Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE PERSONALWEB
TECHNOLOGIES, LLC ET AL. PATENT
LITIGATION.

Case No. 18-md-02834-BLF

**ORDER DENYING SECURED
CREDITORS' ADMINISTRATIVE
MOTION FOR LIMITED
INTERVENTION**

[Re: ECF No. 883]

On June 27, 2023, non-party movants Europlay Capital Advisors LLC, Claria Innovations LLC, Brilliant Digital Entertainment Inc., and Monto Holdings Pty. Ltd. (collectively, "Movants") filed an administrative motion for limited intervention for the purpose of opposing the further supplemental fee request. ECF No. 883 ("Mot."). Amazon.com, Inc.; Amazon Web Services, Inc.; and Twitch Interactive, Inc. (collectively, "Amazon") filed a response. ECF No. 885 ("Resp.").

The Court first notes that a motion for intervention is not properly filed as an administrative motion. *See* Civ. L.R. 7-11 (explaining an administrative motion may be brought for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge"). Intervention is governed by Federal Rule of Civil Procedure 24, as Movants cite in their moving papers. *See* Mot. at 3-6. The motion should have been filed as a noticed motion, and Movants could have filed a motion to shorten time to address any concerns about the timing of this motion vis-á-vis the fee motion. *See* Civ. L.R. 6-3. Further, the Court notes that Movants exceeded the five-page limit for administrative motions. *See* Civ. L.R. 7-11(a). And, as the Court noted in a previous Order, Movants failed to comply with the Court's Standing Order Re Civil Cases. *See* ECF No. 884. That being said, the Court has

received a response and will consider the motion on the merits.

Movants are investors in PersonalWeb. Mot. at 1; Resp. at 1. There is currently a state court action between Movants and Amazon, in which the parties are litigating whether Movants are alter egos of PersonalWeb. *See* Mot. at 1; Resp. at 1; Declaration of Michael Shipley, ECF No. 883-1 ("Shipley Decl.") ¶ 1, Ex. 1. Movants seek limited intervention to oppose Amazon's further supplemental fee request. *See* Mot. They argue that they satisfy the standards for both mandatory and permissive intervention. *Id.* at 3-6. Amazon does not oppose intervention only if Movants commit to liability for a supplemental fee award; otherwise, Amazon opposes intervention. Resp. at 1.

An applicant seeking to intervene as of right under Rule 24(a) must "make four showings to qualify under this Rule: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks and citation omitted).

Amazon argues that Movants have not satisfied the fourth element. *See* Resp. at 1-3. A court "consider[s] three factors in deciding whether a present party adequately represents the interests of a prospective intervenor." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022). These factors are:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). "If the proposed intervenor's interest is 'identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation.'" *Id.* at 1020-21 (quoting *Arakaki*, 324 F.3d at 1086). Movants and PersonalWeb have an identical interest: avoiding the imposition of further fees. *See* Resp. at 2. Movants have not made the compelling showing required to demonstrate

United States District Court<br>Northern District of California

2

that PersonalWeb would not adequately represent its interests.

PersonalWeb is under the control of a receiver, which was appointed in state court. *See* Mot. at 2; Shipley Decl. ¶ 3, Ex. 3. Movants argue that their interests cannot be adequately represented by PersonalWeb because it is insolvent, and therefore, PersonalWeb/the receiver "have little motive to vigorously contest the [] enhanced demand." Mot. at 4. Movants' attorney states in a Declaration that it is his understanding that the receiver's counsel stated on June 20, 2023 that "the receivership estate had less than $25,000 cash on hand, with most of that taken up by accounts already payable." Shipley Decl. ¶ 4. He further states that he has been informed by counsel for PersonalWeb that "absent an infusion of additional cash into the receivership estate, PersonalWeb likely lacks funds to pay its counsel to oppose the fee motion." *Id.* ¶ 5.

Amazon argues that the Movants are controlled by the same individuals who operated PersonalWeb, and these individuals merely want to stop funding the receiver because doing so is no longer to their advantage. Resp. at 1. Amazon also asserts that the individuals who control the Movants also still control PersonalWeb, despite the existence of the receivership. *Id.* at 2-3. Amazon argues that PersonalWeb has counsel, who is already preparing an opposition to the fee request. *Id.* at 2. And Amazon provides that Movants are "creating a false impression" that PersonalWeb has insufficient funds, as "[t]he receiver last reported nearly $50,000 in cash on hand as of its last report in April and may issue up to $1,000,000 in receiver certificates," Resp. at 3 (citing Shipley Decl., Ex 3), of which $225,000 remains to be called, *id.* They conclude that the Movants' "desire to stop paying for PersonalWeb's lawyers is not a valid basis for them to intervene in this case." *Id.*

The Court concludes that Movants have not made the compelling showing required to demonstrate that PersonalWeb would not adequately represent their interests. The Court determines that Movants have an "identical" interest to PersonalWeb and that PersonalWeb can adequately represent this interest. Movants have not made a compelling showing that PersonalWeb/the receiver would fail to or are unable to do so. The two cases cited by Movants are distinguishable. In both, the courts were deciding whether to amend a judgment to add additional judgment debtors. *See Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d

United States District Court
Northern District of California

1   1143, 1149 (9th Cir. 2004); *NEC Elecs. Inc. v. Hurt*, 208 Cal. App. 3d 772, 780 (1989).  In

2   *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, the Ninth Circuit determined that the district

3   court erred in finding that Sommer, an individual, was an alter ego of the defendant corporation

4   and erred in adding Sommer to the judgment without finding his interests were protected in the

5   underlying action.  394 F.3d at 1149.  The Ninth Circuit looked to *NEC Electrics Inc. v. Hurt*, 208

6   Cal. App. 3d 772 (1989).  *Katzir's Floor & Home Design*, 394 F.3d at 1149-50.  The Ninth Circuit

7   summarized *NEC* as follows:

> In *NEC,* the Court of Appeals of California reversed the Santa Clara
> County Superior Court's judgment adding a shareholder to a judgment
> against his wholly-owned corporation where the shareholder's
> individual interests were not represented in the lawsuit. The
> corporation did not appear at trial or defend itself, despite a colorable
> defense, because it was on the verge of bankruptcy. The court
> reasoned that the sole shareholder, who was not a named party to the
> suit and had no personal liability, had no duty to intervene. . . . It
> further found that the shareholder's interests were not represented
> during the lawsuit where the corporation had no incentive to, and in
> fact did not, defend given its pending bankruptcy.

14  *Katzir's Floor & Home Design*, 394 F.3d at 1150 (citation omitted).  The Ninth Circuit

15  determined that Sommer could not be added to the judgment, noting that doing so "without

16  allowing [him] to litigate any questions beyond [his] relation to the allegedly alter ego corporation

17  would patently violate [due process]."  *Id.* (quoting *Motores De Mexicali, S.A. v. Sup. Ct. In & For*

18  *Los Angeles Cnty.*, 51 Cal. 2d 172, 176 (1958)).  First, these courts were looking at whether a

19  potential alter ego's interests were adequately represented by a business for a completely different

20  purpose—adding them to the judgment.  Second, in both of these cases, the defendant company in

21  fact did not defend the action.  That makes it distinguishable from the case here, as Amazon

22  represents that PersonalWeb will be opposing the further supplemental fee request.  *See* Resp. at 2.

23  Movants are not entitled to intervention as of right.

24          Even where intervention as of right is unavailable, courts may still permit intervention

25  under Rule 24(b).  "Under Federal Rule of Civil Procedure 24(b), a district court has discretion to

26  permit intervention when the movant presents '(1) an independent ground for jurisdiction; (2) a

27  timely motion; and (3) a common question of law and fact between the movant's claim or defense

28  and the main action.'"  *Callahan*, 42 F.4th at 1022 (quoting *Freedom from Religion Found., Inc. v.*

*Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)).  If those initial conditions are met, a district court "is

then entitled to consider other factors in making its discretionary decision on the issue of

permissive intervention." *Id.* (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326,

1329 (9th Cir. 1977)).  These additional factors include:

> the nature and extent of the intervenors' interest, their standing to raise
> relevant legal issues, the legal position they seek to advance, and its
> probable relation to the merits of the case. The court may also
> consider whether changes have occurred in the litigation so that
> intervention that was once denied should be reexamined, whether the
> intervenors' interests are adequately represented by other parties,
> whether intervention will prolong or unduly delay the litigation, and
> whether parties seeking intervention will significantly contribute to
> full development of the underlying factual issues in the suit and to the
> just and equitable adjudication of the legal questions presented.

*Id.* (quoting *Spangler*, 552 F.2d at 1329).

The Court determines that the initial factors are met here.  The first factor is not relevant

where, as here, the movants bring no new claims.  *Geithner*, 644 F.3d at 844.  As to timeliness, the

supplemental fees motion was filed on May 23, 2023, this motion was filed on June 27, 2023, and

in the interim Movants were speaking with Amazon in an attempt to obtain consent to intervene.

*See* ECF No. 880; Mot.; Shipley Decl. ¶ 2, Ex. 2.  The motion is timely.  As to the third factor, the

issues of law and fact raised by Movants are the same as at issue in the underlying motion—

whether Amazon is entitled to supplemental fees.  *See* Resp. at 5.

The Court thus turns to the *Spangler* factors, and it determines that they weigh against

intervention.  For the reasons discussed above, the Court determines that Movants' interests "are

adequately represented by other parties"—PersonalWeb.  *See Spangler*, 552 F.2d at 1329.  The

Court also determines that Movants will not "significantly contribute to full development of the

underlying factual issues in the suit and to the just and equitable adjudication of the legal

questions presented."  *Id.*  Movants argue that they satisfy this factor because "PersonalWeb lacks

the interest and resources to thoroughly litigate the Fee Motion," but the Court already rejected

this argument.  *See* Mot. at 6.  As to the first factor, the Court is concerned that Movants are

asserting that they have a real economic interest in the outcome of the supplemental fee motion

while also asserting in state court that they are not alter egos of PersonalWeb.  *See id.*  As argued

by Amazon, the Movants have only an indirect interest in the outcome of the further supplemental fee motion if they are not alter egos of PersonalWeb. *See* Opp. at 1. The Court declines to grant permissive intervention.

For the reasons explained above, the Court DENIES Movants' motion for limited intervention for the purpose of opposing the further supplemental fee request.

**IT IS SO ORDERED.**

Dated: July 7, 2023

BETH LABSON FREEMAN
United States District Judge

Exhibit 2

## Shipley, Michael

| | |
|---|---|
| **From:** | Shipley, Michael |
| **Sent:** | Monday, June 26, 2023 4:17 PM |
| **To:** | 'Christopher Lavin'; Hillenbrand, Edward; Thomas Robins |
| **Cc:** | McCormick, Patrick Emerson; Todd Gregorian; Michael Fletcher; Bruce D. Poltrock; Baratz, Michael; Marshak, Emma |
| **Subject:** | RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF) |

Chris-

1. The state court appointed the receiver and gave it control over all of PersonalWeb's assets, including the litigation. The idea that, notwithstanding and in complete disregard of the court's order, the Secured Creditors or their principals continue to secretly control PersonalWeb litigation decisions has no evidentiary support at all. The Secured Creditors are not required entertain Amazon's baseless conspiracy theories as a condition of protecting their rights in the federal litigation.

2. The Secured Creditors have never contested that the federal court has *personal* jurisdiction over them. But as to *subject matter jurisdiction*, as the Secured Creditors have explained in several filings, the federal court does not have subject matter jurisdiction to entertain a post-judgment effort by Amazon to pierce PersonalWeb's corporate veil to make the Secured Creditors liable as jointly and severally liable judgment debtors on Amazon's judgment against PersonalWeb. *See Peacock v. Thomas*, 516 U.S. 349, 35 (1996*); Thomas, Head & Greisen Emps. Trust v. Buster*, 95 F.3d 1449, 1455 (9th Cir. 1996); *Sandlin v. Corp. Int'rs Inc.*, 972 F.2d 1212, 1216 (10th Cir. 1992); *U.S.I. Props. Corp. v. M.D. Const. Co.*, 230 F.3d 489, 498 (1st Cir. 2000). And in any event, subject matter jurisdiction can't be created by consent of the parties. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant."). So Amazon's apparent demand that the Secured Creditors do so is entirely beside the point. (And given that Amazon has already brought litigation on the alter ego issue before the state court, any demand for duplicative proceedings in federal court would be an improper multiplication of the proceedings. *See* 28 USC § 1927.)

3. Secured Creditors are only seeking leave to be heard and file a single brief on the fee issue—an issue on which, given Amazon's alter ego complaint, their interests are clearly implicated. They are not seeking full-blown intervention where they would be effectively treated as parties. In such cases, the Northern District has permitted limited intervention to be addressed by administrative motion. *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 3958232, at *2 (N.D. Cal. July 29, 2013). Your proposal—that Secured Creditors simultaneously brief both their right to intervention as well as an opposition to the fee motion that would be considered only if limited intervention is granted—is just a further illustration of that fact that Amazon's core intent in all of this litigation is to drive up the Secured Lenders litigation costs for the purpose of retaliating against them because they owned a company that had the audacity to sue Amazon for patent infringement.

Thanks,

Mike

**Michael Shipley**

**KIRKLAND & ELLIS LLP**
555 South Flower Street, Los Angeles, CA 90071
**T** +1 213 680 8222

michael.shipley@kirkland.com

**From:** Christopher Lavin <CLavin@fenwick.com>
**Sent:** Thursday, June 22, 2023 4:10 PM
**To:** Shipley, Michael <mshipley@kirkland.com>; Hillenbrand, Edward <edward.hillenbrand@kirkland.com>; Thomas Robins <trobins@frandzel.com>
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Todd Gregorian <TGregorian@fenwick.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

---

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

---

Michael,

Our requests are relevant to your request to intervene in the case. If Mr. Bermeister and the other investors are still directing PersonalWeb in the litigation, then any interest that they have is already represented. Amazon has asked about this three times, and each time you have refused to provide any information in response. We will not press this topic further, only to note that if the investors move to intervene while concealing from the Court facts showing that Messrs. Bermeister, Neumann, or Markiles remain in contact with Mr. Weiss and are still running PersonalWeb, we would regard that as a serious ethical breach.

Amazon's position is that if the investors are submitting to the jurisdiction of the federal court such that it may order them to pay any supplemental fee award, then Amazon agrees that the investors would have a direct interest warranting intervention and will join a stipulation to that effect. If investors do not agree, then they lack such an interest or at least any indirect interest they possess is adequately represented by PersonalWeb, which is fully aligned with the investors in seeking to reduce its liability and maximize the value of its estate, and even has a receiver nominated and funded by the investors and appointed by a court specifically for that purpose.

As for the procedure to raise this issue with the Court, a motion for administrative relief is not the proper avenue as such motions may only address "matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." (Civil L.R. 7-11.) Intervention is governed by Federal Rule of Civil Procedure 24 and, therefore that issue must be raised by a noticed motion under Civil Local Rule 7-2. As noted, we would be willing to stipulate to have a noticed motion heard on October 5 and would agree that the investors could submit their proposed brief in intervention with their moving papers. We think that approach best accounts for the Court's busy calendar, but we remain open to other suggestions that do not violate the Court's rules.

Regards,
Chris

Chris Lavin
Fenwick | Associate | +1 415-875-2287 | CLavin@fenwick.com | Admitted to practice in California.

**From:** Shipley, Michael <mshipley@kirkland.com>
**Sent:** Wednesday, June 21, 2023 7:51 PM
**To:** Christopher Lavin <CLavin@fenwick.com>; Hillenbrand, Edward <edward.hillenbrand@kirkland.com>; Thomas
Robins <trobins@frandzel.com>
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Todd Gregorian <TGregorian@fenwick.com>; Michael
Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Baratz, Michael
<MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-
02834-BLF)

**\*\* EXTERNAL EMAIL \*\***

Chris:

Our clients are simply seeking to exercise their right to be heard on an issue in which they are clearly interested--an
interest that arises entirely from allegations that Amazon has made it *its own pleadings*. If Amazon will confirm in writing
that it will not seek any of the additional fees addressed it its supplemental fee application against the Secured
Creditors, in any forum and under any legal or equitable basis, it should do so. Then the point will be moot. Otherwise
basic notions of due process afford the Secured Creditors a right to be heard.

My understanding of the prior meet and confer was that Amazon was going to decide if it would consent to the Secured
Creditors intervening on a limited basis to be heard on Amazon's supplemental fee request, and if not, that you would
propose a briefing schedule where limited intervention could be addressed in an orderly fashion in advance of the
determination on the fee issues. Instead, Amazon is now overreaching to seek to extract a bunch of irrelevant and
improper factual, jurisdictional, and discovery concessions from the Secured Creditors that have nothing whatsoever to
do with the point at issue. That's just not appropriate.

If Amazon would like to propose a productive and orderly briefing schedule on the limited intervention issue, we
reiterate our invitation for you to offer one by the end of the week.  Otherwise, we view this discussion as at an impasse
and will file an administrative motion next week.

Thanks,

Mike

**Michael Shipley**

**KIRKLAND & ELLIS LLP**
555 South Flower Street, Los Angeles, CA 90071
**T** +1 213 680 8222

michael.shipley@kirkland.com

**From:** Christopher Lavin <CLavin@fenwick.com>
**Sent:** Wednesday, June 21, 2023 12:55 PM
**To:** Hillenbrand, Edward <edward.hillenbrand@kirkland.com>; Thomas Robins <trobins@frandzel.com>
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Shipley, Michael <mshipley@kirkland.com>; Todd
Gregorian <TGregorian@fenwick.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock
<bpoltrock@frandzel.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-
02834-BLF)

Hi Ned,

We are continuing to consider the PersonalWeb investors' request to intervene in the district court action to oppose Amazon's fees request.

In order to fully consider that request, we would like to renew our request for information on the PersonalWeb investors' involvement with PersonalWeb, better understand the implications of intervention in terms of the scope of the district court action, and propose a procedure for noticed motion practice if we are unable to come to agreement:

1. Amazon has repeatedly raised that Messrs. Bermeister, Neumann, and Markiles, the PersonalWeb investors' principals, ran PersonalWeb's litigations for at least a year after the receivership was instituted, and we have asked multiple times what their current role is in that respect, and the only information we have received is they do not contact PersonalWeb's counsel at Lewis Roca directly.  The PersonalWeb investors have otherwise concealed whether those individuals have been in contact with Mr. Weiss, PersonalWeb's president, and whether they are still running PersonalWeb and its litigations.  We raised our requests for this information again on the June 2nd meet and confer call, which you dismissed as seeking irrelevant information and indicated that the PersonalWeb investors would not provide this information.  This information is directly relevant to the issue of whether the PersonalWeb investors' interest is already adequately represented by PersonalWeb.

2. Please confirm that the PersonalWeb investors will join a request to the court to renew Amazon's motion to compel production of privileged documents (Dkts. 860, 863-2) as it concerns a dispute concerning the information requested as part of No. 1.

3. We note that the PersonalWeb investors have never denied that PersonalWeb has adequate counsel, Lewis Roca, to oppose Amazon's further supplemental fees request and indeed Lewis Roca has confirmed that it intends to oppose the fees request, but nevertheless the investors have insisted that they too should be able to oppose the fees request.  The PersonalWeb investors have further admitted that PersonalWeb would very likely make the same arguments that they would make in opposing the fees request, which is why they have requested two weeks to review PersonalWeb's opposition before submitting their own opposition.  Please explain to us the basis for your contention that the investors' interest is not adequately represented in these circumstances, along with any supporting authority.

4. Please confirm that as part of the proposed intervention the PersonalWeb investors would submit to the jurisdiction of the district court for all purposes and/or remedies within that court's subject matter jurisdiction.

5. If we are unable to come to an agreement on whether the PersonalWeb investors may intervene, we propose that the PersonalWeb investors do not proceed by administrative motion, which would be improper, but rather follow normal motion practice by filing a noticed motion that attaches the investors' proposed brief in intervention.  Amazon is willing to stipulate to a hearing date of October 5 so that it could be heard concurrently with the fees request and the court would have the investors' proposed brief available as soon as it is filed.

Please provide the PersonalWeb investors' positions on the above so that we can fully consider the investors' request to intervene.

Regards,
Chris

Chris Lavin
Fenwick | Associate | +1 415-875-2287 | CLavin@fenwick.com | Admitted to practice in California.

---

**From:** Hillenbrand, Edward <edward.hillenbrand@kirkland.com>
**Sent:** Friday, June 16, 2023 1:03 PM
**To:** Thomas Robins <trobins@frandzel.com>; Christopher Lavin <CLavin@fenwick.com>

**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Shipley, Michael <mshipley@kirkland.com>; Todd Gregorian <TGregorian@fenwick.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

 **\*\* EXTERNAL EMAIL \*\***

Hi Chris,

I'm checking back about the outstanding items from our June 2 meet and confer call. We left that call understanding that Amazon would send by June 9 a written response on the following items: (1) whether Amazon would agree to not attempt to obtain the requested fees from any PersonalWeb investor; (2) whether Amazon would oppose intervention by the PersonalWeb investors; (3a) if yes to (2), then a proposed schedule for an administrative motion on the intervention issue; (3b) if no to (2), then a propose schedule for the intervention brief (we suggested 14 days after PersonalWeb's response is due).

Please provide the requested information by end of day on June 21.

Thanks,

Ned

**Edward Hillenbrand**

**KIRKLAND & ELLIS LLP**
555 South Flower St., Los Angeles, CA 90071
**T** +1 213 680 8236
**F** +1 213 680 8500
**M** +1 908 209 0557

edward.hillenbrand@kirkland.com

**From:** Thomas Robins <trobins@frandzel.com>
**Sent:** Thursday, June 1, 2023 7:09 PM
**To:** Christopher Lavin <CLavin@fenwick.com>
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Shipley, Michael <mshipley@kirkland.com>; Todd Gregorian <TGregorian@fenwick.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>; Hillenbrand, Edward <edward.hillenbrand@kirkland.com>
**Subject:** Re: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

Chris, can we include on the agenda what Amazon intends to do regarding the "counter claim" that clerk is saying is preventing us from filing an answer. Seems like a stip to file cross complaint that slaps a "cross complaint" caption on the current pleading and a proposed order would get things resolved. Tom

Sent from my iPhone

**Thomas Robins**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427
Phone:      (323) 658-9703
Facsimile:  (323) 651-2577

E-mail:     trobins@frandzel.com
Web:        http://www.frandzel.com



🌲 **GO GREEN: Please consider the environment before you print.**
This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

On Jun 1, 2023, at 2:54 PM, Christopher Lavin <CLavin@fenwick.com> wrote:

We can use the following dial-in for tomorrow 1 PM PT:

1. Dial-In: (800) 236-9601
2. Access Code: 8752287

Chris Lavin
Fenwick | Associate | +1 415-875-2287 | CLavin@fenwick.com | Admitted to practice in California.

---

**From:** Thomas Robins <trobins@frandzel.com>
**Sent:** Thursday, June 1, 2023 12:11 PM
**To:** 'McCormick, Patrick Emerson' <PMcCormick@lewisroca.com>; Christopher Lavin <CLavin@fenwick.com>; Shipley, Michael <mshipley@kirkland.com>
**Cc:** Todd Gregorian <TGregorian@fenwick.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>; Hillenbrand, Edward <edward.hillenbrand@kirkland.com>
**Subject:** RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

** EXTERNAL EMAIL **

1 pm is good for me.

**Thomas Robins**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

Phone:          (323) 658-9703
Facsimile:      (323) 651-2577
E-mail:         trobins@frandzel.com
Web:            http://www.frandzel.com
<image001.png>



🌲 **GO GREEN: Please consider the environment before you print.**
This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Sent:** Thursday, June 1, 2023 11:59 AM
**To:** Christopher Lavin <CLavin@fenwick.com>; Thomas Robins <trobins@frandzel.com>; Shipley, Michael <mshipley@kirkland.com>
**Cc:** Todd Gregorian <TGregorian@fenwick.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>; Hillenbrand, Edward <edward.hillenbrand@kirkland.com>
**Subject:** RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

Tomorrow at 1pm PDT works for me. Since I'm not necessary for the anti-SLAPP discussion, I request that be the last agenda item.

Sent from my mobile device

-------- Original message --------
From: Christopher Lavin <CLavin@fenwick.com>
Date: 6/1/23 11:30 (GMT-08:00)
To: "McCormick, Patrick Emerson" <PMcCormick@lewisroca.com>, Thomas Robins <trobins@frandzel.com>, "Shipley, Michael" <mshipley@kirkland.com>
Cc: Todd Gregorian <TGregorian@fenwick.com>, Michael Fletcher <mfletcher@frandzel.com>, "Bruce D. Poltrock" <bpoltrock@frandzel.com>, "Baratz, Michael" <MBaratz@steptoe.com>, "Marshak, Emma" <emarshak@steptoe.com>, "Hillenbrand, Edward" <edward.hillenbrand@kirkland.com>
Subject: RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

**CAUTION!** **[EXTERNAL to Lewis Roca]**

How about tomorrow at 1 PM PT?

In addition to discussing a briefing scheduling and the intervention request, we also plan to raise tomorrow another agenda item – the amount of attorneys' fees to oppose both anti-SLAPP motions.   We've asked for the investors' position on a number, and the court is going to expect that the parties have had a conversation about numbers.

Chris Lavin
Fenwick | Associate | +1 415-875-2287 | CLavin@fenwick.com | Admitted to practice in California.

**From:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Sent:** Wednesday, May 31, 2023 8:38 PM
**To:** Thomas Robins <trobins@frandzel.com>; Shipley, Michael <mshipley@kirkland.com>
**Cc:** Todd Gregorian <TGregorian@fenwick.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Christopher Lavin <CLavin@fenwick.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>; Hillenbrand, Edward <edward.hillenbrand@kirkland.com>

**Subject:** RE: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

**\*\* EXTERNAL EMAIL \*\***

Friday before 3pm works for me. I will not be available this weekend or next week until Thursday.


Patrick Emerson McCormick, CIPP/US
*He|Him|His*
Associate
*Admitted in Arizona, California, and Colorado*
<image002.png>
PMcCormick@lewisroca.com
D. 520.629.4455


<image003.png>

---

**From:** Thomas Robins <trobins@frandzel.com>
**Sent:** Monday, May 29, 2023 17:33
**To:** Shipley, Michael <mshipley@kirkland.com>
**Cc:** Todd Gregorian <TGregorian@fenwick.com>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Christopher Lavin <CLavin@fenwick.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>; Hillenbrand, Edward <edward.hillenbrand@kirkland.com>
**Subject:** Re: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

**CAUTION!** [EXTERNAL to Lewis Roca]

---

If Friday works for everyone (or the weekend) I'm available

Sent from my iPhone

**Thomas Robins**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90017-2427

Phone:          (323) 658-9703
Facsimile:      (323) 651-2577
E-mail:         trobins@frandzel.com
Web:            http://www.frandzel.com
<image001.png>

 **GO GREEN: Please consider the environment before you print.**
This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

On May 29, 2023, at 5:31 PM, Shipley, Michael <mshipley@kirkland.com>
wrote:

My schedule is pretty awful. In trial the week after next. Copying my partner Ned, who
can handle for ECA and Claria.

**Michael Shipley**

**KIRKLAND & ELLIS LLP**
555 South Flower Street, Los Angeles, CA 90071
**T** +1 213 680 8222

michael.shipley@kirkland.com

**From:** Thomas Robins <trobins@frandzel.com>
**Sent:** Monday, May 29, 2023 5:17 PM
**To:** Todd Gregorian <TGregorian@fenwick.com>
**Cc:** Shipley, Michael <mshipley@kirkland.com>; McCormick, Patrick Emerson
<PMcCormick@lewisroca.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D.
Poltrock <bpoltrock@frandzel.com>; Christopher Lavin <CLavin@fenwick.com>; Baratz,
Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** Re: [EXTERNAL] RE: New document: In Re: PersonalWeb Technologies, LLC et al
(Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

Early next week is fine. Mon & Tues mornings are not good but otherwise good.

Sent from my iPhone

**Thomas Robins**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90017-2427

Phone:      (323) 658-9703
Facsimile:  (323) 651-2577
E-mail:     trobins@frandzel.com
Web:        http://www.frandzel.com
<image001.png>

🌲  **GO GREEN: Please consider the environment before you print.**
This electronic message contains information which may be confidential and privileged and is intended only for the
named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of
this message to anyone. If you have received this message in error, please delete the message and advise the sender
by reply e-mail or by calling (323) 852-1000. Thank you.
To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice
contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1)
avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any
tax-related matter(s) addressed herein.

On May 29, 2023, at 11:40 AM, Todd Gregorian
<TGregorian@fenwick.com> wrote:

PersonalWeb has requested June 30.  We have agreed but offered up to
July 14 and requested a September reply date.  Part of the thinking is
that this schedule provides additional time to resolve our discovery

disputes.  But I also think it is worth trying to resolve both those and the intervention request in the meet and confer process since it could moot multiple motions that the Court is not going to want to deal with.

This week is overbooked.  I could potentially do a call Friday, or preferably early next week.

Todd Gregorian
Fenwick | Partner | +1 415-875-2402 | tgregorian@fenwick.com |
Admitted to practice in California.

---

**From:** Shipley, Michael <mshipley@kirkland.com>
**Sent:** Friday, May 26, 2023 4:38 PM
**To:** Todd Gregorian <TGregorian@fenwick.com>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Cc:** Thomas Robins <trobins@frandzel.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Christopher Lavin <CLavin@fenwick.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

**\*\* EXTERNAL EMAIL \*\***

Todd-

Now that your motion is on file, has there been any discussion of the briefing schedule? Given that the hearing is October, seems like there is plenty of time. Happy to do an all hands call on this if it would be useful.

Thanks,

**Michael Shipley**

**KIRKLAND & ELLIS LLP**
555 South Flower Street, Los Angeles, CA 90071
**T** +1 213 680 8222

michael.shipley@kirkland.com

---

**From:** Todd Gregorian <TGregorian@fenwick.com>
**Sent:** Monday, May 15, 2023 3:02 PM
**To:** Shipley, Michael <mshipley@kirkland.com>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Cc:** Thomas Robins <trobins@frandzel.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Christopher Lavin <CLavin@fenwick.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

Michael,

My message to you was professional and explains Amazon's position and the facts on which it is based. It contains no name calling or ad hominem whatsoever, and I do not appreciate the attempt to distort the record with false accusations.

Amazon had asked for more information about the points you have now labeled 2, 3, and 5 in order to meet and confer about the proposed motion. Amazon has agreed with PersonalWeb that this week it will file the motion that the Court directed, at which point those parties plan to confer on a revised briefing schedule. I suggest that we confer jointly concerning Amazon's requests and the proposed motion to intervene as part of that process. There is ample time before the October hearing on the supplemental fees to ensure this proceeds in an orderly way without prejudice to any party.

Todd Gregorian
Fenwick | Partner | +1 415-875-2402 | tgregorian@fenwick.com |
Admitted to practice in California.

---

**From:** Shipley, Michael <mshipley@kirkland.com>
**Sent:** Monday, May 15, 2023 2:49 PM
**To:** Todd Gregorian <TGregorian@fenwick.com>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Cc:** Thomas Robins <trobins@frandzel.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Christopher Lavin <CLavin@fenwick.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

 ** EXTERNAL EMAIL **

Todd-

The tone and name-calling in your message are inappropriate. I understand that your client views our clients as "terrorists" undeserving of basic dignity. But I would appreciate it if you could keep it professional amongst the lawyers.

In any event, regarding your note below:

1. It is my understanding that since the receivership was instated on May 10, 2021, the receiver has always had the ultimate decision regarding over what estate assets to use to pursue litigation. The order appointing the receiver provides for that to be the case. Although Amazon feels free to defame the receivership as "fraudulent" in every filing it makes in federal court, it is noteworthy to us that Amazon has never lodged any complaint about the receiver's

conduct with the court that appointed the receiver and which oversees the receiver's actions.

2. There have, of course, been some communications among PersonalWeb, the Secured Creditors, and their counsel regarding the progress of the various appeals. That is entirely unsurprising given that they all share a common economic and legal interest in PersonalWeb's success in those appeals.

3. But the fact that interested parties talk or even make efforts to persuade does not mean the Secured Creditors have any right to ultimately control the receiver's litigation decisions. If these "dozens" of emails you think show otherwise actually do so, I would appreciate seeing them.

4. I think everyone is aware that, at this point, the receivership is running dry of funds. The receiver's latest report discloses that Lewis Roca's outstanding invoices exceed the receiver's cash on hand by a significant margin. It is up to the receiver to decide whether to use the estate's funds to oppose an additional fee award that the estate will never be able to satisfy. PersonalWeb's counsel have explained to us that, in consulting with the receiver, they are not inclined to expend significant resources on that.

5. Given that PersonalWeb is insolvent and that Secured Creditors are not the arbiters of its litigation decisions, there is a sufficient divergence of interests to permit the Secured Creditors to intervene to protect their interest. I don't understand why Amazon would prefer that the receiver expend funds (funds on which Amazon has an unsecured claim) opposing the motion instead of the Secured Creditors using their own resources.

6. Regarding the interrogatories and document demands in your email, Amazon has taken exhaustive discovery of everyone and, speaking for the Secured Creditors at least, as recipients of third party subpoenas, we have no self-executing obligation to continuously update our document productions. Although Amazon shifts its story as it sees fit to meet the tactical aims if the day, we have no issues whatsoever with candor to the court.

7. For what it's worth--and it's not really my fight--your contention that, by failing to respond to document demands a year ago, PersonalWeb somehow prospectively waived its attorney-client privilege *forever* is completely specious. *Cf. Chevron Corp. v. Salazar*, 275 F.R.D. 437, 450 (S.D.N.Y. 2011) (privilege waiver as discovery sanction did not "encompass documents that did not exist at the time it was imposed"); *Addison v. Monarch & Assocs.,*

*Inc*, 2016 WL 11530426, at *2 (C.D. Cal. Dec. 12, 2016) (privilege waiver ran only "through the date of its waiver ruling").

So returning to my original question, will Amazon oppose a motion for the secured creditors to intervene for the limited purpose of opposing Amazon's anticipated motion to add $3.1 million in costs and attorneys' fees to the underlying judgment? I, of course, can't force you to agree. But neither am I required to submit to your inquisitions and insults before taking action to protect the interests of my clients. Please just let me know Amazon's position.

Thanks,

Mike

**Michael Shipley**
———————————————————
**KIRKLAND & ELLIS LLP**
555 South Flower Street, Los Angeles, CA 90071
**T** +1 213 680 8222
———————————————————
michael.shipley@kirkland.com

---

**From:** Todd Gregorian <TGregorian@fenwick.com>
**Sent:** Wednesday, May 10, 2023 8:25 AM
**To:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Shipley, Michael <mshipley@kirkland.com>
**Cc:** Thomas Robins <trobins@frandzel.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>; Christopher Lavin <CLavin@fenwick.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Subject:** RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

Thank you for your message.  This request is a bit of a surprise.  We understood that the original receiver Robb Evans refused to assume day-to-day control of PersonalWeb's litigations, allowing at least Messrs. Bermeister, Markiles, and Neumann to continue to direct PersonalWeb's attorneys.  We have dozens of communications from the PersonalWeb production that show that.  These individuals now appear to be trying to circumvent the receivership that they established and their corresponding obligation to fund it, or to sock puppet their different shell entities to get multiple bites at opposing the fee request, or both.

Amazon will consider the request but needs the following information:

1. Identify all individuals who have provided input into PersonalWeb's litigation decisions since June 2021, including into any instruction or direction given to Lewis Roca, Stubbs Alderton, or Ronald Richards.
2. Identify all individuals who have received updates from Lewis Roca, Stubbs Alderton, or Ronald Richards, concerning any litigation involving PersonalWeb since June 2021, including any relayed through other counsel or Mr. Weiss.
3. If the Secured Creditors claim that Messrs. Bermeister, Markiles, and Neumann have ceased directing any of PersonalWeb's operations, including but not limited to relaying instructions through the receiver or counsel, the date that each last did so and the reasons that each stopped.
4. PersonalWeb has waived privilege over any communications reflecting or related to the above. Amazon requests that PersonalWeb supplement its production to include all such communications through the present.

Full and complete disclosure of this information and these records is not just necessary to resolve the intervention request; Amazon views it as unequivocally required by the duty of candor that you as counsel of record owe to the Court. The Court's first availability for hearing on the supplemental fee request is October 5, and therefore we have ample time to resolve these issues and set appropriate briefing schedules and will work with you to do so.

Todd Gregorian
Fenwick | Partner | +1 15-875-2402 | tgregorian@fenwick.com |
Admitted to practice in California.

---

**From:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Sent:** Wednesday, May 10, 2023 6:56 AM
**To:** Shipley, Michael <mshipley@kirkland.com>; Todd Gregorian <TGregorian@fenwick.com>; Christopher Lavin <CLavin@fenwick.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Cc:** Thomas Robins <trobins@frandzel.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>
**Subject:** RE: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

**   ** EXTERNAL EMAIL **

Michael,

1. PersonalWeb does not oppose the Secured Creditors seeking leave to intervene to oppose Amazon's motion for attorneys' fees.

    2. Amazon has not disclosed to PersonalWeb whether it plans on complying with the Court's May 8, 2023 Order. If Amazon does file a motion pursuant to the Court's Order, PersonalWeb will request that Amazon stipulate to a modified briefing schedule to account for Amazon's delay in filing the motion.

Best,
Patrick

**Patrick Emerson McCormick, CIPP/US**
*He|Him|His*
Associate
*Admitted in Arizona, California, and Colorado*
<image001.png>
PMcCormick@lewisroca.com
D. 520.629.4455

<image002.png>

---

**From:** Shipley, Michael <mshipley@kirkland.com>
**Sent:** Tuesday, May 9, 2023 22:05
**To:** Todd Gregorian <TGregorian@fenwick.com>; Christopher Lavin <CLavin@fenwick.com>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Baratz, Michael <MBaratz@steptoe.com>; Marshak, Emma <emarshak@steptoe.com>
**Cc:** Thomas Robins <trobins@frandzel.com>; Michael Fletcher <mfletcher@frandzel.com>; Bruce D. Poltrock <bpoltrock@frandzel.com>
**Subject:** FW: New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

**CAUTION!** **[EXTERNAL to Lewis Roca]**

---

Good evening-

A few things on the federal matter.

1. Given PWeb's insolvency and its control by the state court receiver, the third party Secured Creditors (Kirkland & Frandzel's clients) are of the view that PWeb may lack both the means and the incentive to defend against Amazon's effort to add $3.1 million in fees to the underlying judgment in this action. As everyone seems to agree, Amazon's only path to satisfy its judgment runs through its alter ego claims against the Secured Creditors and their affiliates in state court. That being the case, the Secured Creditors are entitled to an opportunity to be heard on whatever motion Amazon ultimately files to add fees to the judgment. Secured Creditors consequently intend to

seek leave of the federal court to permit limited intervention in order to oppose Amazon's motion.

Northern District cases permit third parties to seek limited intervention by administrative motion. *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 3958232, at *2 (N.D. Cal. July 29, 2013). Please let us know whether Amazon and PWeb will oppose an administrative motion seeking that relief.

2. Judge Freeman's rejection of Amazon's declarations-only filing seems to have delayed the prior stipulated briefing schedule. Is a new briefing schedule being discussed? Because we intend to intervene, the Secured Creditors would appreciate being included in these discussions.

Thanks,

Mike

**Michael Shipley**

**KIRKLAND & ELLIS LLP**
555 South Flower Street, Los Angeles, CA 90071
**T** +1 213 680 8222

michael.shipley@kirkland.com

**From:** ECFdocuments@pacerpro.com <ECFdocuments@pacerpro.com>
**Sent:** Monday, May 8, 2023 2:32 PM
**To:** Shipley, Michael <mshipley@kirkland.com>
**Subject:** New document: In Re: PersonalWeb Technologies, LLC et al (Doc# 876, N.D. Cal. 5:18-md-02834-BLF)

# In Re: PersonalWeb Technologies, LLC et al

**Docket entry number: 876**

ORDER RE [873], [874], [875] FURTHER SUPPLEMENTAL FEES REQUEST. Signed by Judge Beth Labson Freeman on 5/8/2023. (blflc2, COURT STAFF) (Filed on 5/8/2023) (Entered: 05/08/2023)

*Date entered: 2023-05-08*

VIEW CASE

https://app.pacerpro.com/cases/7370994

Sent from PacerPro, the fastest and most insightful way to access federal court records. Questions? support@pacerpro.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

## CERTIFICATE OF SERVICE

The undersigned certifies that a complete copy of **Appellants' Opposition to Motion to Expedite Briefing Schedule and Oral Argument** was served on the attorneys of record via electronic mail and CM/ECF delivery on August 11, 2023.

The following were also served via electronic mail on August 11, 2023:

Thomas M. Robins III
trobins@frandzel.com
Michael Gerard Fletcher
mfletcher@frandzel.com
Bruce David Poltrock
bpoltrock@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000

*Attorneys for Third Parties Monto Holdings Pty Ltd,*
*and Brilliant Digital Entertainment, Inc.*

Dated: August 11, 2023              Respectfully submitted,

KIRKLAND & ELLIS LLP

  */s/ Michael Shipley*
Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
Michael Shipley (SBN 233674)
michael.shipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400

*Attorneys for Third Parties Europlay Capital*
*Advisors, LLC and Claria Innovations, LLC*